**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SHELLIE ANNE WOMACK,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **DISTRICT OF COLUMBIA HOUSING AUTHORITY,** <br><br> **Defendant.** | **Case No. 25-cv-4425 (GMH)** |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Shellie Anne Womack, who proceeds *pro se*, filed this action against Defendant District of Columbia Housing Authority ("DCHA") alleging a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Defendant has moved to dismiss Plaintiff's complaint in its entirety for failure to state a claim.[1] For the following reasons, Defendant's motion is granted, but Plaintiff will be given an opportunity to file an amended complaint to cure the deficiencies noted here.

## I. BACKGROUND[2]

Defendant hired Plaintiff as a Housing Program Specialist in September 2021. ECF No. 1-1 at 3. On April 3, 2024, Plaintiff requested permission to telework "due to complications

[1] The relevant docket entries for purposes of this Memorandum Opinion and Order are: (1) Plaintiff's amended complaint, ECF No. 1 and its attachments; (2) Defendant's motion to dismiss, ECF No. 11; (3) Plaintiff's opposition, ECF No. 13; and (4) Defendant's reply, ECF No. 14. The page numbers cited herein are those assigned by the Court's CM/ECF system.

[2] At this stage in the proceedings, the Court accepts as true the plaintiff's well-pleaded factual allegations, *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009), construes those allegations "in the light most favorable to the plaintiff[]," *Vick v. Brennan*, 172 F. Supp. 3d 285, 295 (D.D.C. 2016), and draws all "reasonable inferences" in favor of the plaintiff, *Nurriddin v. Bolden*, 818 F.3d 751, 756 (D.C. Cir. 2016). More, in this Circuit, a court generally must "consider a *pro se* litigant's complaint 'in light of' all filings, including filings responsive to a motion to dismiss."

with [her] leg." *Id.* She asserts that, with her agency-issued laptop and headset, she could "perform the essential functions of [her] job" by attending virtual meetings and contacting clients by telephone and email. ECF No. 13 at 3. Plaintiff's telework request was denied on May 3, 2024, and she "was told to use accrued leave in lieu of telework." ECF No. 1-1 at 3. Her managers did not explain why her request was denied or respond when she asked in August 2024 for a reason for the denial. *See id.*

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and D.C. Office of Human Rights on September 3, 2024. *See id.* at 3–4. She received a right to sue letter from the EEOC on September 30, 2025. *See id.* at 1. Plaintiff filed this action on December 19, 2025. *See* ECF No. 1. The complaint itself is short on facts—it merely states that Plaintiff "ha[s] a right to sue letter" and that she seeks $22,438 in back pay and $150,000 in punitive damages "[d]ue to emotional stress," *id.* at 4—but it attaches her September 3, 2024, charge of discrimination, which includes the facts outlined in the previous paragraph.[3] In response to Defendant's motion to dismiss, Plaintiff makes some attempt to clarify her cause of action, asserting that "Defendant engaged in wrongful conduct by taking adverse

*Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (quoting *Richardson v. United States,* 193 F.3d 545, 548 (D.C. Cir. 1999)); *see also, e.g.*, *Buchanan v. Sony Music Ent.*, No. 18-cv-3028, 2020 WL 2735592, at *1 n.2 (D.D.C. May 26, 2020) ("Because 'all factual allegations by a pro se litigant, whether contained in the complaint or other filings in the matter, should be read together in considering whether a motion to dismiss should be granted[,]' the facts recited herein are drawn from Buchanan's complaint and also the six briefs that he has submitted in opposition to Defendants' motions to dismiss." (citations omitted) (quoting *Muhammad v. FDIC*, 751 F. Supp. 2d 114, 119 (D.D.C. 2010)), *aff'd*, 836 F. App'x 16 (D.C. Cir. 2021)). Accordingly, the facts related herein are drawn from Plaintiff's complaint and its attachments, as well as her opposition to Defendant's motion to dismiss.

[3] Plaintiff also attached to her complaint a letter from the Social Security Administration—Retirement, Survivors and Disability Insurance dated September 25, 2025. *See* ECF No. 1-1 at 6. The Court cannot glean anything from that letter, as it merely notes that Plaintiff had changed her direct deposit information in September 2025. *See id.* The Court notes the effect that receipt of Social Security Disability Insurance Benefits may have on a claim under the ADA for failure to accommodate in note 7, *infra*.

employment actions, including refusing to engage in an interactive process, requesting FMLA[4] and denying remote work, because of [Plaintiff's] disability and failing to provide reasonable accommodation." ECF No. 13 at 3.

## II. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified); *see* Fed. R. Civ. P. 12(b)(6). As noted, the Court must accept as true the well-pleaded factual allegations, *Atherton*, 567 F.3d at 681; construe those allegations "in the light most favorable to the plaintiff[]," *Vick*, 172 F. Supp. 3d at 295; and draw all "reasonable inferences" in favor of the plaintiff, *Nurriddin*, 818 F.3d at 756. Although the plaintiff need not make "detailed factual allegations," the complaint must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). At bottom, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

That said, *pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Court therefore "consider[s] a *pro se* litigant's complaint in light of all filings, including filings in response to a motion dismiss" and "attached exhibits."

[4] As with the unexplained letter from the Social Security Administration attached to the complaint, *see* note 3, *supra*, this reference to the FMLA is too obscure to decipher. It is unclear, for example, whether Plaintiff means to indicate that managers suggested she take leave under the Family Medical Leave Act or that Plaintiff herself requested such leave. In any case, this lone reference to the FMLA is insufficient to state a claim for violation of Plaintiff's rights under the statute. *See, e.g.*, *Vick*, 172 F. Supp. 3d at 303 ("An employer may be held liable for violating the FMLA under two distinct claims: (1) interference, if the employer restrained, denied, or interfered with the employee's FMLA rights, and (2) retaliation, if the employer took adverse action against the employee because the employee took leave or otherwise engaged in activity protected by the Act." (quoting *Holloway v. D.C. Gov't*, 9 F. Supp. 3d 1, 7 (D.D.C. 2013))).

*Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (citation modified) (quoting *Brown*, 789 F.3d at 152). Still, like all litigants, a *pro se* plaintiff "must comply with the Federal Rules of Civil Procedure." *Coulibaly v. Pompeo*, 318 F. Supp. 3d 176, 183 (D.D.C. 2018). Thus, although "a *pro se* complaint must be construed liberally, *pro se* plaintiffs must still . . . state a claim for relief." *McGary v. Ravindra*, No. 19-cv-3249, 2020 WL 4335613, at *3 (D.D.C. July 28, 2020).

## III. DISCUSSION

The ADA "prohibits discrimination by an employer 'against a qualified individual with a disability because of' that disability." *Flemmings v. Howard Univ.*, 198 F.3d 857, 860 (D.C. Cir. 1999) (quoting 42 U.S.C. § 12112(a)). The statute requires an employer "to 'make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." *Minter v. District of Columbia*, 809 F.3d 66, 69 (D.C. Cir. 2015) (citation modified) (quoting 42 U.S.C. § 12112(b)(5)(A)). The Court interprets Plaintiff's submissions as claiming that Defendant failed to accommodate her disability by denying her request to telework.[5]

To state a failure-to-accommodate claim, a plaintiff "must allege facts sufficient to show that (1) [s]he had a disability within the meaning of the ADA; (2) h[er] employer had notice of h[er] disability; (3) [s]he could perform the essential functions of the position with reasonable accommodation; and (4) h[er] employer refused to make such accommodation." *Hodges v. District of Columbia*, 959 F. Supp. 2d 148, 153–54 (D.D.C. 2013). Defendant maintains that Plaintiff has not alleged sufficient facts to show that issues with her leg "met the threshold" of a

[5] Plaintiff also alleges that Defendant failed to engage in an interactive process. ECF No. 13 at 3. "There is no independent cause of action for failure to engage in the interactive process—under the ADA . . . there is only a cause of action for failure to accommodate generally." *Matos v. DeVos*, 317 F. Supp. 3d 489, 497 (D.D.C. 2018) (quoting *Doak v. Johnson*, 19 F. Supp. 3d 259, 278 n.20 (D.D.C. 2014)); *see also, e.g.*, *Brigham v. Frontier Airlines, Inc.*, 57 F.4th 1194, 1201 (10th Cir. 2023) ("[T]he failure to engage in an interactive process is not independently actionable under the [ADA]."); *accord McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 101 (2d Cir. 2009) ("[A]n employer's failure to engage in a sufficient interactive process does not form the basis of a claim under the ADA . . . ."). Rather, "[p]articipation in the interactive process is simply part of the employer's duty to determine if a reasonable accommodation exists." *Whelan v. Teledyne Metalworking Prods.*, 226 F. App'x 141, 147 (3d Cir. 2007).

qualifying disability under the ADA or that she could perform the essential functions of her job with a reasonable accommodation. *See* ECF No. 11 at 7–8; ECF No. 14 at 2–3.[6] The Court addresses each in turn.

**A. Qualifying Disability**

To survive a motion to dismiss arguing that a plaintiff has failed to allege a qualifying disability, she "must plead facts that, if true, establish (1) that she had a physical or mental impairment (2) that substantially limited (3) a major life activity." *Border v. Nat'l Real Est. Advisors, LLC*, 453 F. Supp. 3d 249, 256 (D.D.C. 2020). Courts in this Circuit do not require "specific allegations about the limitation of a major life activity caused by a plaintiff's impairment" to satisfy the pleading requirement. *Id.* (quoting *Boykin v. Gray*, 895 F. Supp. 2d 199, 216 (D.D.C. 2012). Nevertheless, "plaintiff must still plead facts sufficient to show that she had a disability to survive a motion to dismiss." *Id.*

The Court will first dispense with Defendant's contention that "impairments whose effects last less than one year are insufficient to demonstrate a substantial limitation on a major life activity." ECF No. 11 at 7 (quoting *Etheridge v. FedChoice Fed. Credit Union*, 789 F. Supp. 2d 27, 37 (D.D.C. 2011)). The Third Circuit recently explained:

> In 2008, Congress enacted the [ADA Amendments Act of 2008 ("ADAAA")] as a response to "Supreme Court cases, similar lower court decisions, and the Equal Employment Opportunity Commission's ('EEOC') regulations" which had narrowly interpreted key provisions of the ADA. Prior to enactment of the ADAAA, in *Toyota Motor Mfg., Ky., Inc. v. Williams*, the Supreme Court had held that an impairment must "prevent or severely restrict the individual from doing

[6] Defendant also asserts that Plaintiff has failed to allege facts showing that "she informed DCHA of any alleged disability in her alleged request for accommodation of her alleged disability." *See* ECF No. 11 at 8. Considering that Plaintiff alleged that she asked to telework "due to complications with her leg," ECF No. 1-1 at 3, Defendant's argument appears to be derivative of the argument that Plaintiff has not shown that those complications constituted a disability under the statute.

Additionally, Defendant faults Plaintiff for failing to attach to the complaint her request for an accommodation or the response she received from management. ECF No. 11 at 8. However, it does not dispute that Plaintiff has alleged that she asked for an accommodation and that it was refused. The Court is aware of no requirement that a plaintiff provide documentary evidence to state a claim for failure to accommodate.

> activities that are of central importance to most people's daily lives" and be "permanent or long term" to qualify as a disability. Congress rejected the Supreme Court's permanency standard. In enacting the ADAAA, Congress mandated that the "definition of disability shall be construed in favor of broad coverage of individuals" and "to the maximum extent permitted." In response, the EEOC explained that even an impairment that is expected to last less than six months can constitute an actual disability "if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population."

*Morgan v. Allison Crane & Rigging LLC*, 114 F.4th 214, 221 (3d Cir. 2024) (citation modified) (footnotes omitted) (first quoting *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 198 (2002); then quoting 42 U.S.C. § 12102(4)(A); and then quoting 29 C.F.R. § 1630.2(j)(1)(ii)); *see also id.* at 222 (noting that an "emerging body of case law across the federal judiciary" and "current EEOC regulations" agree "that a temporary impairment can constitute an actual disability for ADA purposes"). Indeed, as the Ninth Circuit recognized in *Shields v. Credit One Bank, N.A.*, 32 F.4th 1218 (9th Cir. 2022), Congress established through the ADAAA that impairments lasting fewer than six months can constitute a disability under the statute. There, the court explained that the statute "contains three alternative definitions of 'disability,'" *id.* at 1224: (1) an impairment that "substantially limits one or more major life activities," 42 U.S.C. § 12102(1)(A); (2) a "record of such an impairment," *id.* § 12102(1)(B); and (3) "being regarded as having such an impairment," *id.* § 12101(1)(C). The ADAAA "amended only the third of those three alternatives"—the "'regarded as' alternative"—excluding "impairments that are transitory and minor," that is, impairments having "an actual or expected duration of 6 months or less." *Shields*, 32 F.4th at 1224 (emphasis omitted) (quoting 42 U.S.C. § 12102(3)(B)). "The fact that Congress added such a 'transitory and minor' limitation *only* to the 'regarded as' alternative . . . and *not* in the other two alternative definitions of 'disability' strongly confirms that no such temporal limitation applies to those other two alternatives." *Id.* at 1224–25. Regulatory guidance "further confirms" that,

"although the 'duration of an impairment' remains 'one factor that is relevant in determining whether the impairment substantially limits a major life activity,' there is no categorical rule excluding short-term impairments, which 'may be covered if sufficiently severe.'" *Id.* at 1225 (quoting 29 C.F.R., Pt. 1630, App'x). Thus, following the enactment of the ADAAA, a plaintiff does not have to allege that her impairment was of extended duration to state a claim. *See Dehaarte v. District of Columbia*, No. 26-cv-132, 2026 WL 1283885, at *8 (D.D.C. May 11, 2026); *see also Morgan*, 114 F.4th at 221 ("Post enactment of the ADAAA, our sister Courts of Appeals—including the Courts of Appeals for the First, Second, Fourth, Fifth, and Ninth Circuits—have held, in precedential opinions, that temporary impairments can qualify as an actual disability under the ADA.").

Still, a plaintiff must allege that an impairment "substantially limits [her] ability . . . to perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii). Again, this is not a "demanding standard"; indeed, an "impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity to be considered substantially limiting." *Id.* § 1630.2(j)(1)(i), (ii). This Court's decision in *Dehaarte* is instructive. There, the plaintiff alleged that her concussion "'substantially limit[ed]' her abilities to work, concentrate, stand, and walk." *Dehaarte*, 2026 WL 1283885, at *9 (quoting the record). Noting that working, concentrating, standing, and walking are all "included in the definition of '[m]ajor life activities' in the implementing regulations" and could reasonably be expected to be affected by a concussion, the Court found that those allegations, although "thin," satisfied the plaintiff's pleading burden because they "identified the alleged disability and the plausibly related major life activities it affected." *Dehaarte*, 2026 WL 1283885, at *9 (quoting 29 C.F.R. § 1630.2(*i*)(1)(i)). Similarly, in *Border* the court found that the plaintiff plausibly alleged

that she had a qualifying disability where she asserted that she "had a high-risk pregnancy" and a fetus with intrauterine growth restrictions that resulted in birth by Caesarian section, which "limited one or more major life activities," including the ability to travel, walk, lift, stand, use her abdominal muscles, and exercise. 435 F. Supp. 3d at 256.

Plaintiff's allegations here do not meet even that low bar, however. She has alleged an impairment—"complications with [her] leg," ECF No. 1-1 at 3—but she has not provided any facts that would allow the Court to determine that those complications substantially limit one or more major life activities. The closest she comes is the conclusory assertion that she has "a physical disability which limits a major life activity." ECF No. 13 at 2. But a complaint must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. In these circumstances, she must at least allege facts showing that her leg "complications" plausibly limit a major life activity. She has not yet done so.

**B. Essential Duties**

Defendant's opening brief makes a single assertion on this point: "Plaintiff does not allege that she could perform the essential functions of her position with the requested 'accommodation of teleworking.'" ECF No. 11 at 8. That is a skeletal argument that fails to satisfy Defendant's "obligation to spell out its argument squarely and distinctly." *Gov't of Manitoba v. Bernhardt*, 923 F.3d 173, 179 (D.C. Cir. 2019) (quoting *Schneider v. Kissinger*, 412 F.3d 190, 200 n.1 (D.C. Cir. 2005)). Defendant's reply puts some "flesh on its bones," *id.*, contending that "Plaintiff details how she could complete some of her alleged work tasks from home. She does not detail that the listed tasks that she could complete at home would sufficiently cover all the essential functions of her job." ECF No. 14 at 3.

Courts in this Circuit appear divided about how much detail a plaintiff must supply in her complaint to sufficiently allege that she could perform all the essential functions of her job with an accommodation. Some seem to require little more than a bare statement that the plaintiff could "perform her essential duties and could have been reasonably accommodated," reasoning that the essential duties of a job "are a question of fact" that need not be "alleged with particularity." *Floyd v. Lee*, 968 F. Supp. 2d 308, 327 (D.D.C. 2013); *see also, e.g.*, *McCoy v. Yelp Inc.*, No. 25-cv-3531, 2026 WL 2546281, at *5 (D.D.C. Aug. 28, 2026) ("'Courts generally view a dispute over the definition of a job's essential functions as a question of fact that should be resolved by a jury.' Consequently, it is 'rare on a motion to dismiss' to resolve disputes concerning essential job functions." (citation modified) (citations omitted) (first quoting *Baker v. Potter*, 294 F. Supp. 2d 33, 44 (D.D.C. 2003); and then quoting *Pappas v. District of Columbia*, 513 F. Supp. 3d 64, 94 (D.D.C. 2021))). This Court is unwilling to accept so little, especially as the D.C. Circuit has recognized that allegations showing that a plaintiff "was able to perform the essential functions of her job with or without accommodation" are necessary to state a claim for a violation of the ADA's reasonable accommodation requirements, *Menoken v. Dhillon*, 975 F.3d 1, 7 (D.C. Cir. 2020), and *Iqbal* and *Twombly* require more of a complaint than "'naked assertions' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (citation modified) (quoting *Twombly*, 550 U.S. at 557).

But requiring—as Defendant urges—a plaintiff to list in her complaint the tasks that she could complete with accommodation that "would sufficiently cover all the essential functions of her job," ECF No. 14 at 3, is too onerous a standard at the motion to dismiss stage for what might well become a "fact intensive inquiry" into which job duties are essential and which are not. *McCann v. District of Columbia*, No. 23-cv-2398, 2025 WL 958130, at *5 (D.D.C. Mar. 31, 2025) (quoting *Howard v. Guttierez*, No. 04-cv-756, 2005 WL 3274394, at *2 (D.D.C. Sep. 30, 2005)).

Rather, a plaintiff must provide some "factual allegations from which the court might infer that [she] could perform the essential functions of her position with reasonable accommodation." *Shapiro v. Howard Univ.*, No. 18-cv-2588, 2019 WL 4860876, at *17 (D.D.C. Sept. 30, 2019). Those could take the form of, for example, allegations that the plaintiff or other employees had adequately performed the relevant job while enjoying an accommodation, *see McCann*, 2025 WL 958130, at *5 (denying a motion to dismiss where the plaintiff alleged "she *could* perform the essential functions of her job remotely. Indeed, she allege[d] that she was doing just that when Defendants denied her request for an extension of her accommodation, and she further maintains that other employees were [also] permitted to telework"), or some "factual content" about the plaintiff's "role" tending to show that an accommodation would not prevent the plaintiff from performing job duties, *Williams v. Ft. Myer Constr. Corp.*, No. 23-cv-3466, 2024 WL 1577945, at *2 (D.D.C. Apr. 10, 2024) (quoting *Iqbal*, 556 U.S. at 678) (granting a motion to dismiss where the plaintiff "ha[d] not told the Court anything about his job at all," but finding that he "could possibly state a claim . . . by describing his job . . . in more detail").

Here, Plaintiff has done just enough. She alleges that she could "perform the essential functions of [her] job" by attending virtual meetings and contacting clients by telephone and email using the laptop and headset provided by the agency. ECF No. 13 at 3. At this stage of the proceedings, the Court finds that detail sufficient for the purposes of her failure-to-accommodate claim.[7]

[7] The Court notes, however, that, if Plaintiff was receiving Social Security benefits that depend on her being "unable to do her previous work" or to "engage in any other kind of substantial gainful work which exists in the national economy" around the period relevant to the failure-to-accommodate claim, that might be inconsistent "with her ADA claim that she could 'perform the essential functions' of her . . . job, at least with 'reasonable accommodation.'" *Cleveland v. Policy Mgmt. Systs. Corp.*, 526 U.S. 795, 797–98 (1999) (citation modified) (first quoting 42 U.S.C. § 423(d)(2)(A); and then quoting 42 U.S.C. § 12111(8)). That, however, is a question better answered at a later stage of litigation, such as at summary judgment (if the case gets that far). *See id.* at 798.

### C. Leave to Amend

Plaintiff asks the Court to grant her leave to amend her complaint if it finds—as it has—that the complaint is deficient. *See* ECF No. 13 at 4. Defendant does not appear to oppose that request and acknowledges that a court should dismiss a complaint without prejudice unless it "determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." ECF No. 14 at 2 (quoting *Kursar v. Transp. Sec. Admin,*, 751 F. Supp. 2d 154, 164 (D.D.C. 2010)). As should be clear from the discussion above, this is not a situation in which Plaintiff has pleaded herself out of a claim by including facts that show she is not entitled to relief; rather, she has failed to include sufficient facts to state a claim. Accordingly, the complaint will be denied without prejudice and Plaintiff will be permitted to file an amended complaint. *See, e.g.*, *Simmons v. Collins*, No. 25-cv-437, 2026 WL 1952335, at *2 (D.D.C. July 6, 2026); *Yang v. District of Columbia*, No. 25-cv-3350, 2026 WL 1256179, at *3 (D.D.C. May 7, 2026).

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion to dismiss, ECF No. 11, and **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint. Plaintiff shall file any amended complaint on or before **November 23, 2026**. The amended complaint should be complete in itself, setting out a claim that Defendant failed to accommodate Plaintiff's disability that corrects the deficiencies identified in the discussion above. Failure to timely file an amended

complaint or filing an amended complaint that fails to cure the original complaint's deficiencies may result in dismissal with prejudice.

**SO ORDERED.**

Date: October 23, 2026

G. Michael Harvey

G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE